Opinion issued June 5, 2008














 

 

 

 

 

Opinion issued June 5, 2008   

                                                                        



                                                

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 


 



NO.   01-07-00570-CV

 




 
 
 
 
 
 
 


 



GEOFFREY
ZIMMERMAN, Appellant

 

V.

 

WENDY GONZALEZ
ANAYA, INDIVIDUALLY AND A/N/F 

OF CHRISTOPHER
GABRIEL HERNANDEZ, DECEASED, 

AND JOSE
HERNANDEZ, INDIVIDUALLY , Appellees

 

 

 



On
Appeal from the 113th District Court

Harris
County, Texas

Trial Court Cause
No. 2006-14198

 

 



MEMORANDUM OPINION

 

                Wendy Gonzalez Anaya and Jose Hernandez (“the parents”) sued
Geoffrey Zimmerman, M.D. for alleged negligence during the delivery of their
son, which caused their son to suffer personal injuries and death.  Zimmerman moved for summary judgment on
immunity grounds, asserting that, as a resident of Baylor College of Medicine
who provided publicly funded health care at Ben Taub Hospital, he is entitled
to immunity pursuant to section 101.106 of the Texas Civil Practice and
Remedies Code because Baylor qualifies as a governmental unit under section
312.007 of the Texas Health and Safety Code, making him an employee of a state
agency for purposes of immunity under the Tort Claims Act.   

          The
parents have moved to dismiss on the ground that section 51.014(a)(5) does not
authorize Zimmerman’s appeal.  That
section provides that “[a] person may appeal from an interlocutory order of a
district court, county court at law, or county court that . . . denies a motion
for summary judgment that is based on an assertion of immunity by an individual
who is an officer or employee of the state or a political subdivision of the
state . . . .”  Tex. R. Civ. P. § 51.014(a)(5).  The parents assert that, because Zimmerman is
not an employee or officer of the state or a political subdivision of the state,
section 51.014(a)(5) does not apply to his appeal, and no other basis for
appellate jurisdiction exists.  

          Our
Court’s recently issued opinion and judgment on rehearing in Klein v. Hernandez controls our
disposition of Zimmerman’s appeal.  See No. 01-06-00569-CV, 2008 WL 1747479
(Tex. App.—Houston [1st Dist.] Apr. 17, 2008, no pet.
h.).  In Klein, we held that we lacked jurisdiction over a Baylor resident’s
interlocutory appeal of the interlocutory denial of his motion for summary
judgment, in which, like Zimmerman, he asserted that section 312.007 of the
Texas Health and Safety Code entitles him to claim immunity from liability
under the Texas Tort Claims Act.  We
expressly held that section 312.007 did not 

confer[]
upon Klein or Baylor . . . “sovereign immunity,” which must be waived under the
Texas Tort Claims Act. . . .  [W]e hold
that the Legislature’s grant of limited liability to Dr. Klein and Baylor and
provision of indemnity for Klein in chapter 312 does not amount to a conferral
of “sovereign immunity,” which deprived the trial court of subject matter jurisdiction
. . . .

Id. at *7.  In applying this holding to section
51.014(a)(5) of the Civil Practice and Remedies Code, we observed that that
provision “authorizes a person to appeal from an order that ‘denies a motion
for summary judgment based on an assertion of immunity by an individual who is an [actual] officer or employee of
the state or a political subdivision of the state.’”  Id. (quoting Tex. R. Civ. P. § 51.014(a)(5)
(emphasis and brackets in the original)). 


          Relying
solely on section 312.007(a) as grounds for immunity, Zimmerman emphasizes that
section 312.007(a) expressly provides that a person in his position is to be
treated as if he were “an employee of a state agency . . . for purposes of
determining the liability, if any, of the person for the person’s acts or
omissions while engaged in the coordinated or cooperative activities of the . .
. school . . . .”  (quoting Klein, 2008 WL 1747479 at *5) (emphasis
added).  The immunity conferred by
section 101.106 of the Civil Practice and Remedies Code, however, cannot extend
beyond the reach of section 312.007(a). 
Determining liability is not synonymous with conferring immunity from
suit, which the Legislature addresses expressly in section 312.007(b) by incorporating
chapter 101 by reference.  At the time
the Legislature enacted section 312.007(b), it mirrored the then-existing
language in section 101.106, which barred an action against defendant upon
judgment or settlement of a claim against the governmental unit at the outset
of filing suit.  Compare Tex. Civ. Prac.
& Rem Code. Ann. § 101.106 historical note (Vernon 2005)
(observing that before the 2003 amendment, the section provided that “[a]
judgment in an action or a settlement of a claim under this chapter bars any
action involving the same subject matter by the claimant against the employee
of the governmental unit whose act or omission gave rise to the claim”) with Tex.
Health & Safety Code Ann. § 312.007(b) (Vernon 2001) (enacted
in 1989) (providing that “A judgment in an action or settlement of a claim
against a . . . supported
medical . . . school bars any action involving the same
subject matter by the claimant against an . . . intern [or]
employee of the . . . school . . . whose
act or omission gave rise to the claim as if the person were an employee of a
governmental unit against which the claim was asserted as provided under
Section 101.106, Civil Practice and Remedies Code”).  When the Legislature amended section 101.106
to require an election at the outset of filing suit, it did not alter section
312.007(b).  See Tex. Civ. Prac. &
Rem Code. Ann. § 101.106 (Vernon 2005) (as amended in 2003).  Consequently, our holding in Klein, that the language of section
312.007 does not make Baylor the equivalent of a governmental unit for purposes
of section 54.014(a)(5) of the Civil Practice and Remedies Code, applies with
equal force to Zimmerman’s case.  See id. at *7.  

          Because
section 312.007(a) is not an immunity statute and Zimmerman does not meet the
requirements of section 312.007(b), we hold that section 51.014(a)(5) of the
Civil Practice and Remedies Code does not confer appellate jurisdiction over
Zimmerman’s appeal. See id.  Accordingly, without addressing the merits,
we dismiss Zimmerman’s appeal for lack of jurisdiction.  

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Jennings and Bland.